IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DAWN NELLESSEN, )
        Plaintiff, )
         ) No.
v. )
         ) Plaintiff Demands a
MEDLINE INDUSTRIES, INC., ) Trial by Jury
an Illinois Corporation, )
        Defendant. )

FILED FEB 1 8 2005 — MICHAEL W. DOBBINS, CLERK, U.S. DISTRICT COURT

05C 1020 — JUDGE FILIP — MAGISTRATE JUDGE KEYS

## COMPLAINT

NOW COMES the plaintiff, DAWN NELLESSEN, by and through her attorneys, FAVARO & GORMAN, LTD., and for her Complaint against the defendant, MEDLINE INDUSTRIES, INC., states and alleges as follows:

### PARTIES

1. Plaintiff, Dawn Nellessen, (hereinafter, "Nellessen") is an individual residing in Twin Lakes, Wisconsin. Nellessen's most recent position with defendant was OR Specialist in Mundelein, Illinois.

2. Defendant, Medline Industries, Inc., (hereinafter, "Medline") is an Illinois Corporation with its principal place of business located in Mundelein, Illinois. The acts and occurrences herein took place in Mundelein, Illinois.

### JURISDICTION AND VENUE

3. This action arises under the Americans With Disabilities Act, 42 U.S.C. §12101 et seq. ("ADA"), Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000(e) et. seq., as amended by the Civil Rights Act of 1991, and the Equal Pay Act 29 U.S.C. §206(d).

4. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1343.

5. Venue is proper in this District pursuant to 28 U.S.C. §1391(c) and 42 U.S.C. §2000(e)-5(f)(3).

## PROCEDURAL BACKGROUND

6. That on November 21, 2003 plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission. A copy of said charge is attached hereto as Exhibit "A" and made a part hereof.

7. On or about November 24, 2004, the plaintiff received a "Notice of Right To Sue. A copy of said Notice of Right to Sue is attached hereto as Exhibit "B" and made a part hereof.

8. That plaintiff has filed the instant action within ninety (90) days of her receipt of the Notice of Right to Sue from the EEOC.

## NATURE OF THE CASE

9. That plaintiff began her employment with defendant on or about June 6, 2001. Plaintiff's most recent position was that of O.R. Specialist.

10. Throughout all relevant times, Nellessen performed her duties in a manner which met the reasonable expectations of her employer.

11. Nellessen suffers from Bipolar Disorder and Depression.

12. That on April 23, 2003, Nellessen requested one week off from her employment from her supervisor, James Spaan. At that time, she disclosed to him that she needed the time off due to her bipolar condition.

13. That upon information and belief, Spann then disclosed Nellessen's condition to Jerry Johnson, Medline Regional Manager/Sales Rep. who in turn disclosed the information to Tonda Bolding, Medline sales representative.

14. That on or about May 5, 2003, Nellessen returned to work. At that time and thereafter she was subjected to the following:

   a. Her work travel arrangements were cancelled, interfered with or prohibited;

   b. Her performance was criticized;

   c. She was given written performance warnings;

   d. She was assigned sales goals;

   e. She was placed on a performance improvement plan;

   f. She was criticized for expensing client dinners;

   g. She was told that she could not travel with the same sales representative on more than one occasion;

   h. She was paid less than other employees similarly situated for doing the same work.

15. That on September 12, 2003, plaintiff was terminated. The stated reason was performance.

16. That prior to her leave in April 2003, Nellessen had never been given sales quotas or any negative feedback regarding her performance.

17. That the stated reason for termination is a pretext for illegal discrimination.

3

## COUNT I

## VIOLATION OF THE AMERICANS WITH DISABILITIES ACT

Plaintiff restates and realleges paragraphs 1 through 17 above as though fully set forth herein.

18. That defendant, Medline Industries, Inc., is an employer and covered entity, as defined by the American's with Disabilities Act, 42 U.S.C. §12101 et. seq. ("ADA").

19. Nellessen is an otherwise qualified individual with a disability or perceived disability, as defined by the ADA.

20. That defendant was required to discuss and reasonably accommodate, if necessary, Nellessen's known or perceived disability and chose instead to terminate Nellessen.

21. That plaintiff was subjected to a hostile work environment in that she was subjected to less favorable treatment than her similarly situated non-disabled counterpart, Rod Nohl.

22. That plaintiff's rights were violated when her condition was disclosed to individuals who were not in the "need to know".

23. As a direct and proximate consequence of defendant's unlawful and discriminatory termination of Nellessen, Nellessen suffered and continues to suffer, a loss of income, including salary and benefits, anguish and emotional pain and suffering.

WHEREFORE, plaintiff, DAWN NELLESSEN, respectfully requests that this Honorable Court enter an Order for the following relief:

    a.    That defendant reinstate plaintiff to her former position or to a comparable position with respect to pay, benefits and responsibilities, or if

4

        reinstatement is not practicable, that defendant compensate plaintiff with front pay and reimbursement of all lost employee benefits;

b.    That defendant make plaintiff whole by paying for lost back pay and employee benefits;

c.    That plaintiff be awarded the cost of this suit, reasonable attorneys' fees, expert witness fees, and any other relief available under the ADA, including compensatory damages;

d.    Any other relief which the Court deems appropriate and just.

## COUNT II

## VIOLATIONS OF THE AMERICANS WITH DISABILITIES ACT

## PUNITIVE DAMAGES

Plaintiff restates and realleges paragraphs 1 through 17 above as though fully set forth herein

24.    That defendant, Medline Industries, Inc., is an employer and covered entity, as defined by the American's with Disabilities Act, 42 U.S.C. §12101 et. seq. ("ADA").

25.    Nellessen is an otherwise qualified individual with a disability or perceived disability, as defined by the ADA.

26.    That defendant was required to discuss and reasonably accommodate, if necessary, Nellessen's known or perceived disability and chose instead to terminate Nellessen.

27.    That plaintiff was subjected to a hostile work environment in that she was subjected to less favorable treatment than her similarly situated non-disabled counterpart, Rod Nohl.

5

28. As a direct and proximate consequence of defendant's unlawful and discriminatory termination of Nellessen, Nellessen suffered and continues to suffer, a loss of income, including salary and benefits, anguish and emotional pain and suffering.

29. That plaintiff's rights were violated when her condition was disclosed to individuals who were not in the "need to know".

30. That the Defendant willfully and wantonly took the actions against the plaintiff.

WHEREFORE, plaintiff, DAWN NELLESSEN, respectfully requests that this Honorable Court enter an Order for the following relief:

a. That defendant reinstate plaintiff to her former position or to a comparable position with respect to pay, benefits and responsibilities, or if reinstatement is not practicable, that Defendant compensate plaintiff with front pay and reimbursement of all lost employee benefits;

b. That defendant make plaintiff whole by paying for lost back pay and employee benefits;

c. That plaintiff be awarded the cost of this suit, reasonable attorneys' fees, expert witness fees, and any other relief available under the ADA, including compensatory damages;

d. That plaintiff be awarded punitive damages; and

e. Any other relief which the Court deems appropriate and just.

## COUNT III

## GENDER DISCRIMINATION

Plaintiff restates and realleges paragraphs 1 through 17 above as though fully set forth herein.

31. That plaintiff was subjected to a hostile work environment in that she was treated less favorably than her similarly situated, male counterpart, Rod Nohl.

32. Defendant by its agents and employees have engaged in gender discrimination of the plaintiff maliciously and with reckless indifference to plaintiff's rights under Title VII.

33. That this treatment of plaintiff was because of her sex, female, in violation of Title VII, as amended.

34. As a result of the acts complained of herein, plaintiff has suffered and will continue to suffer the effects of unlawful discrimination, extreme emotional distress and mental anguish, loss of career opportunities, loss of job, damage to plaintiff's reputation and professional development, and other compensable losses and damage.

35. The conduct of the defendant constitutes unlawful employment discrimination on the basis of sex and constitutes a violation of the plaintiff's rights pursuant to Title VII of the Civil Rights Act of 1964 as amended by the Civil Rights Act of 1991, and the defendant is liable to the plaintiff for civil relief an other damages for the violation of plaintiff's rights.

WHEREFORE, plaintiff, DAWN NELLESSEN, respectfully requests that this Honorable Court enter an Order for the following relief:

a. Declare the acts complained of herein to be a violation of applicable law;

b. Enter an order enjoining and permanently restraining these violations of Title VII and its amendments;

c. That defendant be ordered to compensate, reimburse and make plaintiff whole for any benefits plaintiff would have received had it not been for defendant's illegal actions including but not limited to back pay and front pay;

d. An order that defendant pay an award to compensate plaintiff for her pain and suffering and for the humiliation caused by the defendant's unlawful treatment in an amount to be determined at trial;

  e. Plaintiff prays for an award of punitive damages in an amount to be determined and which is appropriate pursuant to Title VII as amended to punish the defendant for the willful and malicious conduct necessary to deter defendant from engaging from such misconduct in the future;

  f. Plaintiff prays this Court award plaintiff costs and expenses of this action and award plaintiff reasonable attorneys' fees under Title VII; and

  g. That this Court grant such additional and equitable relief as is just and proper.

## COUNT IV

## VIOLATION OF THE EQUAL PAY ACT

Plaintiff restates and realleges paragraphs 1 through 17 above as though fully set forth herein.

36. That upon information and belief, during her employment and up until the time of her termination, plaintiff was paid at a rate less than the rate paid to male employees who held the same position, namely Rod Nohl.

37. That plaintiff and Rod Nohl performed equal work, the performance of which required equal skill, effort and responsibility.

38. That plaintiff and Rod Nohl performed their work under the same or similar conditions.

39. That upon information and belief, defendant repeatedly and willfully paid plaintiff less than Rod Nohl.

40. That said difference of pay is a violation of the Equal Pay Act; 29 U.S.C. §206(d).

41. That plaintiff has suffered as a result of said violation in that plaintiff received a lower rate of pay for equal work.

WHEREFORE, plaintiff, DAWN NELLESSEN, respectfully requests that this Honorable Court enter an Order for the following relief:

a. That a finding be entered that the defendant violated the Equal Pay Act;

b. That a finding be entered that the defendant's violation be willful;

c. That plaintiff be awarded her back or difference in pay pursuant to 29 U.S.C. §216(b);

d. That plaintiff be awarded an equal amount as liquidated damages pursuant to 29 U.S.C. §216(b);

e. That plaintiff be awarded reasonable attorneys' fees and court costs allowable under the Equal Pay Act; and

f. That plaintiff be awarded such other and further relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all counts properly submissible to a jury.

Respectfully Submitted,

Favaro & Gorman, Ltd.

By: _____
Patricia L. Jochum, one of
the plaintiff's attorneys

Dennis R. Favaro
Patricia L. Jochum
Favaro & Gorman, Ltd.
835 Sterling Avenue
Suite 100
Palatine, Illinois 60067
(847) 934-0060

9

# CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974; See Privacy Act Statement before completing this form.

| AGENCY | CHARGE NUMBER |
|---|---|
| ☐ FEPA ☒ EEOC | 210-2004-01018 |

Illinois Dept. of Human Rights _____ and EEOC
*State or local Agency, if any*

**NAME** (indicate Mr., Ms., or Mrs.)
Mrs. Dawn Nellessen

**HOME TELEPHONE** (include area code)
(260) 877-9362

**STREET ADDRESS** — **CITY, STATE AND ZIP CODE**
420 Burden Avenue, Twin Lakes, Wisconsin

**DATE OF BIRTH**
3/23/58

**NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY APPRENTICESHIP COMMITTEE, STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME** (if more than one list below.)

**NAME** — **NUMBERS OF EMPLOYEES, MEMBERS**: 15+ — **TELEPHONE NUMBER** (Include Area Code)

**STREET ADDRESS** — **CITY, STATE AND ZIP CODE** — **COUNTY**

**NAME**
Medline Industries, Inc.

**TELEPHONE NUMBER** (Include area code)
(847) 949-2290

**STREET ADDRESS** — **CITY, STATE, AND ZIP CODE**
One Medline Place, Mundelein, Illinois 60060

**COUNTY**

**CAUSE OF DISCRIMINATION BASED ON** (check appropriate box(es))

☐ RACE ☐ COLOR ☒ SEX ☐ RELIGION ☐ NATIONAL ORIGIN
☐ RETALIATION ☐ AGE ☒ DISABILITY ☐ OTHER (SPECIFY)

**DATE DISCRIMINATION TOOK PLACE**
EARLIEST (ADEA/EPA) LATEST (ALL)
9/12/03
☐ CONTINUING ACTION

**THE PARTICULARS ARE** (If additional space is needed, attached extra sheet(s)):

NOV 2 2003 ** See Attached Addendum **

☒ I also want this charge filed with the EEOC. I will advise the agencies if I change my address or telephone number and I will cooperate fully with them in the processing of my charge in accordance with their procedure.

*[signature]*

I declare under penalty of perjury that the foregoing is true and correct.

**NOTARY** (Necessary for State and Local Requirements)
*[notary signature]*
[NOTARY SEAL — NICOLA C. MICHEL, NOTARY PUBLIC, STATE OF ILLINOIS, MY COMMISSION EXPIRES 01-02-07]

I swear or affirm that I have read the above charge and that is true to the best of my knowledge, information and belief.

**SIGNATURE OF COMPLAINANT** *[signature — Dawn M Nellessen]*
**DATE** 11/14/03

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (day, month, and year)

Notary Signature & Stamp

**EXHIBIT A**

**Dawn Nellessen v. Medline**

---

I. That I was employed by Respondent from in or around June 4, 2001 until my termination which occurred on or about September 12. 2003. My most recent position with Respondent had been that of OR Specialist. That at all times relevant herein, I performed my duties in a satisfactory manner which met the reasonable expectations of my employer.

II. That I suffer from a disability in that I have Bi-Polar Disorder and Depression. In April 2003, I took time off affiliated with my disability. At that time, I disclosed my disability to my supervisor. Upon information and belief, he then disclosed my health issues to my co-workers. Following my leave and my disclosure, I was subjected to a hostile work environment in that I was treated less favorably than my non-disabled counterparts in that I was then subjected to performance criticism, written performance warnings, and higher performance expectations.

III. That I believe I was treated less favorably on the basis of my sex, female, than my male counterpart, in that I was paid less for performing the same duties, and I was given performance warnings when my performance exceeded that of my male counterpart.

IV. That on or about September 12, 2003, I was terminated from my employment with Respondent. The stated reason for my termination was poor performance. That the stated reason for my termination was pre-textual.

V. That I believe I have been subjected to discriminatory treatment in violation of the Americans with Disabilities Act in that my condition constitutes a disability under that Act and /or my employer perceived me as having a disability. I also believe that I been subjected to discriminatory treatment in violation of Title VII on the basis of my sex.

EEOC Form 161-B (10/96)

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## NOTICE OF RIGHT TO SUE (ISSUED ON REQUEST)

To: Dawn Nellessen
420 Burden Avenue
Twin Lakes, WI 53181-9621

From: U.S. Equal Employment Opportunity Commission
Dr. A.H. McCoy Federal Building
100 W. Capitol Street
Suite 207
Jackson, MS 39269

Respondent: Medline Industries, Inc.

[ ] *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR § 1601.7(a))*

| Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 210-2004-01013 | Larry Turner, Senior Enforcement Investigator | (601) 965-5610 |

*(See also the additional information attached to this form.)*

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964 and/or the Americans with Disabilities Act (ADA):** This is your Notice of Right to Sue, issued under Title VII and/or the ADA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII or the ADA **must be filed in federal or state court WITHIN 90 DAYS** of your receipt of this Notice. Otherwise, your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

- [X] More than 180 days have passed since the filing of this charge.
- [ ] Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of the charge.
- [X] The EEOC is terminating its processing of this charge.
- [ ] The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, **the paragraph marked below applies to your case:**

- [ ] The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court WITHIN 90 DAYS** of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.
- [ ] The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of your charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred **more than 2 years (3 years)** before you file suit may not be collectible.

If you file suit based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

_____    11/24/04
                                    (Date Mailed)

Enclosure(s)

cc: Joseph Becker, VP Human Resources
Medline Industries, Inc.
One Medline Place
Mundelein, IL 60060

Patricia L. Jochum
Favaro & Gorman
835 Sterling Avenue, Suite 100
Palatine, IL 60067-2246



EXHIBIT B